# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CARLOS RUIZ, | ) | |
| | ) | |
| Petitioner, | ) | 3:11-cv-00844-RCJ-WGC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RENEE BAKER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition for failure to exhaust all grounds of the federal habeas petition. (ECF No. 10).

**I. Procedural History**

On January 17, 2007, petitioner was convicted, pursuant to a jury verdict, to one count each of first-degree murder with the use of a deadly weapon (Count I), burglary with the use of a deadly weapon (Count III), battery with a deadly weapon causing substantial bodily harm (Count IV), and battery with a deadly weapon (Count V). (Exhibit 43).[1] Petitioner was sentenced to two consecutive

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 11-16.

terms of 20-50 years imprisonment on Count I, two consecutive terms of 35-156 months on Count III, a term of 35-156 months of Count IV, and a term of 24-96 months on Count V, all counts to run concurrently. (Exhibit 43). Petitioner appealed his convictions. (Exhibit 44). On July 14, 2008, the Nevada Supreme Court entered an order affirming in part, vacating in part, and remanding. (Exhibit 71). The Nevada Supreme Court affirmed petitioner's convictions, but vacated the improper sentence on Count III, based on the improper enhancement of his sentence for burglary with a deadly weapon, and remanded the case for entry of a corrected judgement. (*Id.*). A corrected judgment of conviction was filed on December 10, 2008. (Exhibit 80).

On August 12, 2008, petitioner filed a pro per state habeas petition. (Exhibit 75). Counsel was appointed. (Exhibit 79). On July 28, 2009, petitioner's counsel filed a supplemental habeas corpus petition. (Exhibit 86). By order filed October 19, 2010, the state district court denied the pro per habeas petition and supplemental habeas petition. (Exhibit 104). Post-conviction counsel was relieved and replacement counsel was appointed. (Exhibits 96 & 97). Petitioner appealed from the denial of his state habeas petition. (Exhibit 105). On September 14, 2011, the Nevada Supreme Court entered an order affirming the denial of the state habeas petition and supplement. (Exhibit 119). Remittitur issued on October 10, 2011. (Exhibit 121).

This Court received petitioner's federal habeas petition on November 22, 2011. (ECF No. 1-1; ECF No. 8). The federal petition contains eight grounds for relief with several sub-parts. (ECF No. 8). Respondents have filed a motion to dismiss the petition, alleging that two grounds of the petition are unexhausted. (ECF No. 10). Petitioner filed an opposition. (ECF No. 19). Respondents filed a reply. (ECF No. 20).

Before addressing the motion to dismiss, the Court notes that petitioner filed a notice of errata regarding the federal petition. (ECF No. 18). In this document, petitioner points out that pages 7B, 8, and 9 of his federal habeas petition were not docketed with the rest of the petition. (ECF No. 18, at p. 1). Petitioner has attached the three missing pages as Exhibit 1 to his notice of

2

errata. (ECF No. 18, at pp. 6-8). As specified at the conclusion of this order, the Court directs the Clerk of Court to file the three missing pages as pages 7B, 8, and 9 of the federal habeas petition.

## II. Discussion

Respondents argue that petitioner failed to exhaust Ground 1(a) and Ground 5 of the federal habeas petition.

### A. Exhaustion Standard

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

3

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**B. Ground 1(a)**

In Ground 1, which contains sub-parts, petitioner alleges that he received ineffective assistance of counsel in pretrial proceedings, at trial, and during sentencing. (Petition, at p. 3; ECF No. 8, at p. 3). In petitioner's first argument within Ground 1, identified by respondents as Ground 1(a), he alleges that "prior to trial, petitioner sought removal of his court appointed counsel and the court conducted a hearing on the motion on August 25, 2006." (Petition, at p. 3-A; ECF No. 8, at p. 4). "At that hearing counsel indicated to the Court that the attorney-client relationship had completely deteriorated and there was an actual conflict of interest between himself and his client resulting from petitioner's joinder in a class-action lawsuit against the Public Defender's Office." (Petition, at pp. 3A-3B; ECF No. 8, at pp. 4-5). Petitioner goes on to allege that: "Despite this serious and obviously detrimental conflict of interest, and breakdown in the attorney-client relationship, the Court did not allow counsel to withdraw and compelled him to proceed to present petitioner." (Petition, at p. 3-B; ECF No. 8, at p. 5). Petitioner asserts that his right to the effective assistance of counsel was violated because he had a conflict of interest with his trial counsel and because the trial court erred in denying his motion to remove and replace counsel. (*Id.*).

Respondents argue that Ground 1(a) is unexhausted because the Nevada Supreme Court declined to consider petitioner's ineffective assistance of counsel claim because he failed to present

the claim to the lower state court. Respondents cite a portion of the Nevada Supreme Court's order filed September 14, 2011:

> First, Ruiz contends that appellate counsel was ineffective for failing to challenge the district court's denial of his pretrial motion to remove counsel. We decline to consider this claim because it was not raised in Ruiz's habeas petition or habeas supplement, and he has not alleged good cause and prejudice for failing to present it to the district court in the first instance. See Hill v. State, 114 Nev. 169, 178, 953 P.2d 1077, 1084 (1998).

(Exhibit 119, at p. 1). Respondents contend that Ground 1(a) was not properly presented to the Nevada Supreme Court, and therefore is unexhausted.

Significantly, the Nevada Supreme Court declined to consider a very specific claim – that appellate counsel was ineffective for failing to challenge the district court's denial of the pretrial motion to remove counsel. Ground 1(a) of the federal petition does not allege the ineffective assistance of *appellate* counsel. Rather, Ground 1(a) alleges that petitioner's right to the effective assistance of counsel was violated because he had a conflict of interest with his trial counsel and because the trial court erred in denying his motion to remove and replace counsel. (Petition, at pp. 3-3B; ECF No. 8, at pp. 3-5).

Moreover, the state court record indicates that petitioner exhausted Ground 1(a). In his opposition, petitioner cites portions of his state habeas petition and state supplemental habeas petition demonstrating that he presented arguments to the state district court that his right to the effective assistance of counsel was violated because he had a conflict of interest with his trial counsel and because the trial court erred in denying his motion to remove and replace counsel. (ECF No. 19, at pp. 2-3). Respondents acknowledge this fact in their reply. (ECF No. 20, at p. 2, lines 19-22). This Court has reviewed petitioner's state habeas petition, petitioner's supplemental state habeas petition, the state district court's order of October 19, 2010 denying the habeas petition, the fast track statement filed on appeal from the denial of the petition, and the Nevada Supreme Court's September 14, 2011 order of affirmance. (Exhibits 75, 86, 104, 116, and 119). In petitioner's state

1  habeas petition, he argued, in Ground One, that counsel was ineffective because: "Counsel labored
2  under [an] actual conflict of interest due to defendant signing on to a class action lawsuit against
3  counsel and his office, before pre-trial." (Exhibit 75, at p. 8). Petitioner argued in Ground Two of
4  his state petition that: "Trial court erred by abuse of discretion refusing to grant defendant's motion
5  to vacate counsel where counsel openly expressed unwillingness to defend defendant's cause, [due]
6  to [a] conflict of interest, further, compelled to undergo trial." (Exhibit 75, at p. 9). Further,
7  petitioner's supplemental state habeas petition contains repeated argument that petitioner's right to
8  the effective assistance of counsel was violated because he had an actual conflict of interest with his
9  trial counsel and because the trial court erred in denying his motion to remove and replace counsel.
10 (Exhibit 86, at pp. 6-12). The state district court's order denying the petition acknowledges
11 petitioner's claim of trial court error in denying the motion to remove counsel, and petitioner's
12 argument that he was denied the effective assistance of counsel due to the conflict with counsel.
13 (Exhibit 104).
14       Respondents make much of how petitioner's post-conviction counsel on appeal from the
15 denial of the state habeas petition entitled the first argument in the fast track statement: "Mr. Ruiz'
16 Appellate Counsel (Also Trial Counsel) was Ineffective in that he did not Raise on Appeal that the
17 District Court Erred by Denying Mr. Ruiz' Motion to Remove Trial Counsel Based on a Total Lack
18 of Cooperation and Trust." (Exhibit 116, at p. 7). Under that heading, petitioner's counsel went on
19 to argue that petitioner's right to the effective assistance of counsel was violated because he had an
20 actual conflict of interest with his trial counsel and because the trial court erred in denying his
21 motion to remove and replace counsel. (*Id.*, at pp. 7-10). The issue was not limited to a claim of
22 ineffective assistance of appellate counsel, as respondents contend. This Court finds that petitioner
23 presented the factual and legal basis for his claim in Ground 1(a) of the federal petition to the state
24 district court and to the Nevada Supreme Court. As such, Ground 1(a) was properly exhausted. The

6

1  Court expresses no opinion at this time whether procedural default or other defenses may be
2  applicable to this claim.

### C. Ground 5

In Ground 5, petitioner alleges that his rights to due process, equal protection, a fair proceeding, and a reliable sentence were violated because the deadly weapon enhancement to his burglary conviction was vacated on direct appeal and thus he should not have been subject to the deadly weapon enhancement for the murder. (Petition, at p. 11; ECF No. 8, at p. 17). Respondents contend that Ground 5 was never presented to the Nevada Supreme Court. (ECF No. 10, at p. 5). In his opposition to the motion to dismiss, petitioner concedes that Ground 5 is unexhausted and voluntarily abandons this ground. (ECF No. 19, at p. 4). As such, the Court will dismiss Ground 5 of the federal habeas petition.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Respondents' motion to dismiss is **DENIED** to the extent that Ground 1(a) of the federal habeas petition is exhausted. Respondents shall address Ground 1(a) in the answer.

2. Respondents' motion to dismiss is **GRANTED** as to Ground 5 of the federal habeas petition. As petitioner has formally abandoned it, Ground 5 is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL COPY** pages 6, 7, and 8 of the errata at ECF No. 18 and **FILE** the same as pages 7-B, 8, and 9 of the federal habeas petition, at ECF No. 8.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits as to each remaining ground in the petition, as well as any further procedural defenses which may be applicable. **No further motions to dismiss will be entertained**. In filing

the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner may file his reply to the answer no later than **thirty (30) days** after being served with the answer.

Dated this 7th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE