**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARLOS RUIZ, ) ) ) Petitioner, ) ) vs. ) ) RENEE BAKER et al., ) ) Respondents. ) ) | 3:11-cv-00844-RCJ-WGC<br><br>**ORDER** |

Petitioner Carlos Ruiz, a prisoner in the custody of the Nevada Department of Corrections pursuant to convictions in the Second Judicial District Court of the State of Nevada, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied the Petition and a motion to reconsider. Both this Court and the Court of Appeals denied Petitioner a certificate of appealability. Petitioner has asked the Court to reconsider again.

Petitioner seeks relief from judgment so that he can file an amended petition with an additional ground for relief, i.e., ineffective assistance of post-conviction counsel for failing to bring certain claims of ineffective assistance of trial counsel. Even assuming for the sake of

argument that Rule 60(b)(6) can be invoked under the present circumstances, such amendment would be futile here, because there is no federal constitutional right to the effective assistance of counsel in state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). The Supreme Court has established an equitable exception to the procedural default doctrine based on ineffective assistance of post-conviction counsel, *see Martinez v. Ryan*, 132 S. Ct. 1309, 1317–19 (2012), but the Court's ruling in *Finley* that there is no freestanding constitutional right to effective assistance of counsel in post-conviction proceedings remains the law. The *Martinez* Court itself pointed out that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief [under § 2254]." *Id.* at 1320 (quoting 28 U.S.C. § 2254(i)). That is, even if there were a constitutional right to effective representation in post-conviction proceedings, such a right would not be cognizable under § 2254.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 40) is DENIED.

IT IS SO ORDERED.

Dated this 23rd day of August, 2016.

_____
ROBERT C. JONES
United States District Judge