**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CARLOS RUIZ, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Petitioner, | | 3:11-cv-00844-RCJ-WGC |
| vs. | | |
| RENEE BAKER et al., | | **ORDER** |
| Respondents. | | |

      Petitioner Carlos Ruiz, a prisoner in the custody of the Nevada Department of Corrections pursuant to convictions in the Second Judicial District Court of the State of Nevada, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied the Petition and a motion to reconsider. Both this Court and the Court of Appeals denied a certificate of appealability. Petitioner sought relief from judgment to file an amended petition with an additional ground for relief, i.e., ineffective assistance of post-conviction counsel. The Court denied the motion, and Petitioner appealed.

The Court of Appeals has remanded for the limited purpose of determining whether a certificate of appealability should issue. The Court finds that a certificate of appealability should not issue because Petitioner has not made a substantial showing of the denial of any constitutional right. *See* 28 U.S.C. § 2253(c)(2). Specifically, habeas corpus relief is not available under § 2254 based on ineffective assistance of post-conviction counsel. *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (quoting 28 U.S.C. § 2254(i)); *see also Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Petitioner does not seek merely to invoke ineffective assistance of post-conviction counsel to excuse a procedural default of some other claim; he seeks to bring a freestanding claim of ineffective assistance of post-conviction counsel as a basis for habeas corpus relief.

## CONCLUSION

IT IS HEREBY ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated this 24th day of January, 2017.

_____
ROBERT C. JONES
United States District Judge